UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BLAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3307 |
| ) | |
| DR. BAKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, incarcerated and proceeding pro se, seeks leave to proceed in forma pauperis on claims arising from an alleged failure to treat his fractured wrists and failure to prescribe him a low bunk permit.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he fractured his wrists in Menard Correctional Center in 2010 and did not receive adequate treatment.  In June 2011, Plaintiff was transferred to Western Correctional Center where Defendants have continued to refuse to treat Plaintiff's allegedly fractured wrists.  Additionally, Dr. Baker has allegedly refused to issue Plaintiff a low bunk permit, which Plaintiff needs because of Plaintiff's severe back pain and fractured wrists.  Plaintiff has fallen while attempting to climb to the top bunk, due to Dr. Baker's refusal to prescribe a low bunk permit.

Plaintiff states an arguable Eighth Amendment claim for deliberate indifference to his serious medical needs.  Generally, nurses are required to defer to the doctor's diagnosis and treatment decisions.  However, at this point the Court cannot rule out an inference of deliberate indifference against the nurses.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical need for treatment for his wrists and for a low bunk permit.  This case proceeds solely on the claims identified in this paragraph.

Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   Plaintiff's motion for the Court to request counsel to voluntarily represent him is denied (d/e 3), with leave to renew upon demonstrating that Plaintiff has made reasonable attempts to find counsel on his own.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff should write to several law firms or lawyers and attach the responses he receives to a renewed motion for counsel.  If Plaintiff renews his motion for counsel, Plaintiff should set forth his educational level, any classes he has taken in prison, jobs he had inside and outside prison, and litigation experience he has had in federal court or state court.

3)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule

on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the**

**Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED: 1) The clerk is directed to attempt service on Defendants pursuant to the standard procedures; 2) Plaintiff's motion for appointed counsel is denied (d/e 4).**

ENTERED: 10/28/2013

FOR THE COURT:

                                 s/Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE