# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BLAKES, | ) |
| Plaintiff, | ) |
| v. | ) 13-3307 |
| DR. THOMAS BAKER, et al. | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, pursues claims for deliberate indifference to a serious medical need in violation of the Eighth Amendment. The case is before the Court for ruling on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of

exhaustion may be decided as a matter of law. <u>Doss v. Gilkey</u>, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

## BACKGROUND

Plaintiff alleges deliberate indifference to a serious medical need in that officials at Western Illinois Correctional Center failed to provide medical treatment for fractures sustained to both of his wrists. At the time of filing suit, Plaintiff had filed several grievances related to this issue, with each at various stages of the grievance process. Unless otherwise noted, the Court finds the following to be undisputed with respect to these grievances.

### September 12, 2011 Grievance

Plaintiff filed a grievance dated September 12, 2011. (Doc. 1-1 at 22-23; Doc. 40-1). In this grievance, Plaintiff alleged he was denied medical treatment for pain resulting from a wrist injury suffered at another facility. On October 6, 2011, Plaintiff's counselor denied the grievance. Plaintiff appealed. The grievance office received Plaintiff's appeal on November 10, 2011, ultimately ruling against Plaintiff on February 8, 2012. (Doc. 40-6). During this process, and prior to the grievance officer's decision, Plaintiff submitted this grievance to the Administrative Review Board

("ARB") on two occasions: first, in September 2011, around the time he filed the original grievance (Doc. 40-3); and, in January 2012. (Doc. 1-1 at 4). With the January 2012 submission, Plaintiff included a letter stating that he had not heard back from the Chief Administrative Officer ("CAO"). (Doc. 1-1 at 7). Both times, the ARB denied the grievance stating that Plaintiff had not included the necessary copies of decisions from the counselor and CAO. (Doc. 40-4; Doc. 1-1 at 4). Plaintiff submitted the necessary decisions and grievance to the ARB in May 2013. (Doc. 1-1 at 20). Plaintiff's grievance was subsequently denied on the grounds that it was not timely filed. (Doc. 1-1 at 20; Doc. 40-7).

## July 12, 2012 Grievance

Plaintiff filed a grievance on July 12, 2012, alleging that a shakedown at the prison caused pain in his shoulders and wrists, and that several requests to see a doctor had been denied. (Doc. 40-8). Though he checked the box indicating he was grieving "Staff Conduct," Plaintiff indicated that the remedy he sought was "to see a doctor." Pursuant to the proper procedures, the grievance was ultimately denied by the ARB on September 17, 2013. (Doc. 40-10).

## September 25, 2012 Grievance

Plaintiff filed a grievance on September 25, 2012, alleging that he had been refused access to a doctor concerning the pain in his wrists.  (Doc. 40-11).  Plaintiff's counselor denied the grievance on October 30, 2012.  Plaintiff submits a Proof of Service stating he sent an appeal to the Grievance Office on November 14, 2012.  (Doc. 49-1 at 15).  Plaintiff sent a copy of the grievance to the ARB, which replied that Plaintiff had not included the prerequisite paperwork.  (Doc. 40-12).

## Other Grievances

Plaintiff also provided a copy of a grievance dated November 4, 2011, alleging an unidentified nurse refused to treat his wrist pain or allow him to see a doctor.  (Doc. 49-1 at 4).  Other than a proof of service document dated August 13, 2012 (Doc. 49-1 at 5), indicating that the grievance was sent to the ARB, the results of this grievance are unknown.

## ANALYSIS

The Prison Litigation Reform Act requires that prisoners exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a).  The purpose of

this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Id.; see Dole, 438 F.3d at 809 (quoting same). A prisoner, however, may satisfy the requirements of § 1997e if administrative remedies become unavailable, such as when a prison official fails to respond to a properly filed grievance. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("[W]e refuse to interpret the PLRA 'so narrowly as to . . . permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" (quoted cite omitted)).

The Illinois Administrative Code establishes the grievance procedures for IDOC inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Id. § 504.810(a).  A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. Id. § 504.830(d).  An inmate may appeal the CAO's decision to the Administrative Review Board ("ARB"), but must do so within 30 days of the decision.  Id. § 504.850(a).

With respect to the grievances filed September 25, 2012 and November 11, 2011, the Court cannot determine if Plaintiff properly exhausted or if the grievance process was unavailable.  The July 12, 2012 grievance was properly exhausted, but not until after Plaintiff filed the present lawsuit, and cannot be used to satisfy the requirements of § 1997e.  See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (holding dismissal is proper, "even if the plaintiff

exhausts his administrative remedies while the litigation is pending."). The remaining grievance is discussed below.

The parties agree the September 12, 2011 grievance was properly filed with the Grievance Officer pursuant to §§ 504.810(a)-(b). After more than 60 days had passed without a response from the CAO,[1] Plaintiff filed an appeal with the ARB and included with it a letter stating that the CAO had failed to respond to his grievance. In the letter, Plaintiff states that he did this because the CAO had failed to respond within 60 days as required by rule. (Doc. 1-1 at 7). Nonetheless, the ARB denied this appeal and indicated that Plaintiff needed to provide a copy of the CAO's response. (Doc. 1-1 at 4). The response from the ARB did not include any further instructions.

Defendants contend that Plaintiff had no basis for filing an appeal after the expiration of 60 days from the filing of the grievance. Defendants cite to § 504.830(a), which provides that "[a] Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed." 20 ILL. ADMIN. CODE §

---

[1] According to file stamps on the exhibits provided by the parties, the Grievance Officer received Plaintiff's September 12, 2011 grievance on November 10, 2011. (Doc. 40-1). The ARB received Plaintiff's appeal on January 24, 2012. (Doc. 1-1 at 4). Thus, a minimum of two and one-half months had passed without a response from the CAO. Arguably, Plaintiff waited close to four (4) months as a Proof of Service provided indicates that Plaintiff sent his grievance to the Grievance Officer on October 8, 2011. (Doc. 49-1 at 2)

504.830(a). Outside of that provision, defendants assert, no such 60-day time limit exists. This is incorrect.

Pursuant to subsection (d) of § 504.830, the Grievance Officer must report his or her findings to the Chief Administrative Officer and the CAO must "advise the offender of the decision in writing *within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances.*" Id. § 504.830(d) (emphasis added). Although the section does not provide a right to appeal, the Illinois Administrative Code does not contain instructions regarding an inmate's course of action should prison officials fail to respond. See id. §§ 504.800-504.870.

The Defendants have not provided any evidence that the CAO was prohibited from issuing a decision within the 60-day time period. Though Plaintiff could have taken different steps to inquire about the CAO's lack of response, Plaintiff was never instructed to do so. The Court cannot find that Plaintiff's attempts to avail himself of the next step in the administrative process (rather than filing a lawsuit at that point) were unreasonable, especially given the rulebook's silence and the ARB's lack of instruction of the next step.

Plaintiff eventually complied with the ARB's instructions. Thirteen (13) months after the CAO's decision had been issued,[2] Plaintiff provided a copy of the CAO's decision in an appeal filed May 1, 2013. The ARB denied this appeal as untimely. (Doc. 40-7).

The relevant portion of the Illinois Administrative Code regarding time limits for appeal provides:

> If, *after receiving the response of the Chief Administrative Officer*, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, *he or she may appeal in writing to the Director within 30 days after the date of the decision.* Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

20 ILL. ADMIN. CODE § 504.850(a) (emphasis added). According to this section, an inmate cannot file an appeal without first receiving the response of the CAO. The appeal must thereafter be filed within 30 days of the date of decision. Logically, then, the CAO must provide the written notice of its decision required by § 504.850(d) within 30 days of the decision for the inmate to have an opportunity to file a timely appeal. If the CAO failed to do so, an inmate would be precluded from filing a timely appeal, and therefore could not fully exhaust administrative remedies. As the Seventh Circuit said

---

[2] The CAO issued a decision on February 8, 2012. (Doc. 40-6). Six days prior, on February 2, 2012, the ARB ruled on Plaintiff's January 2012 appeal. (Doc. 40-5).

in Dole v. Chandler, when an inmate follows procedure and prison officials are responsible for the mishandling of a grievance, "it cannot be said that [the inmate] failed to exhaust his remedies." See Dole, 438 F.3d at 811.

Once Plaintiff alleges he received the CAO's response, he filed an appeal within 30 days. The Defendants failed to provide any exhibit, affidavit, or other evidence to refute Plaintiff's allegation that he did not receive it until April 2013. In addition, the Defendants remained silent on the issue in their Reply brief, even after Plaintiff raised the argument in his response to the initial Motion for Summary Judgment. Thus, Plaintiff's contention goes undisputed. The only inference the Court may draw based on the evidence provided is that prison officials failed to give Plaintiff an opportunity to file a timely appeal by not providing notice of the CAO's decision. Therefore, the grievance process became unavailable to Plaintiff. In that case, pursuant to Dole, the Court cannot find that Plaintiff failed to exhaust his remedies. As no disputed issue of material fact exists, the Court finds that a hearing pursuant to Pavey v. Conley, 544 F.3d 739, is unnecessary. Accordingly, Defendants' Motion for Summary Judgment is denied.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is DENIED [39]. Pursuant to this ruling, discovery on the merits is no longer stayed. Discovery on the merits shall be completed by February 23, 2015. Dispositive Motions shall be filed by March 23, 2015.

2) Plaintiff's Motion to Strike Extension of Time is DENIED as moot [48].

3) Plaintiff renews his Motion to Request Counsel [34]. The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). Plaintiff provided letters from attorneys declining representation, and thus the Court finds that Plaintiff made a reasonable attempt to obtain counsel. However, for the reasons stated in the Court's text order dated June 13, 2014, Plaintiff appears competent to litigate the

case himself.  Furthermore, Plaintiff's response to the present motion included relevant references to fact and law, and coherently argued his legal position.  [34] is DENIED.

ENTERED:     January 22, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
