UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BLAKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 13-3307 |
| | ) |
| DR. THOMAS BAKER, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment. (Doc. 75). The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**FACTS**

Plaintiff is incarcerated at Western Illinois Correctional Center ("Western"). Defendants were all medical personnel at the prison: Defendant Baker was a physician; Defendant Bradbury and Defendant Still were licensed practical nurses (LPN). Plaintiff alleged that these defendants failed to provide medical treatment for wrist and lower back pain.

Plaintiff was transferred from Menard Correctional Center ("Menard") to Western on June 29, 2011. At an initial health

screening, Plaintiff reported that he did not have any current or acute conditions and was not receiving medications. (Doc. 76-4 at 48). The records indicate that Plaintiff required a follow-up examination for a previously removed ingrown toenail. Neither the medical records from Menard, nor this screening indicate that Plaintiff complained of wrist pain.

The medical records disclose that Plaintiff was examined by the Defendants on four (4) occasions between Plaintiff's arrival at Western and August 29, 2013 (date lawsuit was filed). Defendant Baker examined Plaintiff on three (3) of those occasions. On August 16, 2011, and September 26, 2011, Defendant Baker examined Plaintiff for his ingrown toenail condition. (Doc. 76-4 at 52-53). Plaintiff was prescribed antibiotics and Tylenol during the August 2011 examination. Plaintiff requested a renewal of his low bunk permit, but Defendant Baker found no medical need for a low bunk permit. On October 12, 2011, Defendant Baker examined Plaintiff for gastrointestinal complaints and a request for a soy-free diet. (Doc. 76-4 at 58). The medical records do not indicate that Plaintiff complained about his wrists during these examinations.

Defendant Bradbury examined Plaintiff on November 4, 2011, for complaints of wrist pain. (Doc. 76-4 at 59-60). Plaintiff complained of wrist pain and stated he needed x-rays and to see the doctor. Plaintiff stated the injury occurred "a year or two ago" during the time he was incarcerated at Menard. Defendant Bradbury noted that Plaintiff was able to flex his left wrist during the interaction and that the medical records did not disclose a prior wrist injury. Plaintiff thereafter refused treatment.

The only alleged interaction with Defendant Still occurred on September 12, 2011. This interaction is not documented in the medical records. According to Plaintiff, Defendant Still called Plaintiff to nurse sick call, Plaintiff complained of wrist pain, and Defendant Still did not refer Plaintiff to see the doctor or provide treatment.

After Plaintiff filed this lawsuit, a non-defendant nurse examined Plaintiff for complaints of wrist pain. (Doc. 76-4 at 64). The nurse treated Plaintiff with a prescription for Tylenol and a cold pack. The nurse noted Plaintiff had full range of motion in his wrists. No abnormalities were noted. The nurse did not refer Plaintiff to see the doctor.

X-rays were done on Plaintiff's wrists in December 2013. (Doc. 76-5 at 9-10). Defendant Baker compared these x-rays to Plaintiff's x-rays from 2010, prior to the time Plaintiff stated he sustained the wrist injury now in dispute. Defendant Baker noted an old, small fracture on Plaintiff's wrist. The same fracture appeared in both x-rays. According to Defendant Baker, no other fractures appeared.

## ANALYSIS

To prevail on an Eighth Amendment claim for inadequate medical care, the Plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976).

Defendants argue that Plaintiff's complaint of wrist and back pain does not amount to a serious medical need. "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). In evaluating the seriousness of a medical condition, the court evaluates several factors: (1) whether failure to treat the condition would result in further significant injury or the

unnecessary and wanton infliction of pain; (2) whether a reasonable doctor or patient would find the alleged injury worthy of comment or treatment; (3) the existence of a medical condition that significantly affects daily activities; and, (4) the existence of any chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

    Plaintiff argues his wrist and back pain were significant. Whether this pain rose to the level that could be considered a serious medical need is a question for the jury. Plaintiff's statements regarding his pain, if believed, could support a finding that Plaintiff suffered from a serious medical need. See Cooper v. Casey, 97 F.3d 914, 917 (7th Cir. 1996) (subjective complaints of pain, if believed by the trier of fact, could support a finding of a serious medical need even if no other objective symptoms exist).

    Next, Plaintiff must show that the Defendants acted with deliberate indifference. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff asserts that Western officials gave him the runaround: when Plaintiff informed medical staff of his wrist and back pain issues, he was told to sign up for sick call. When he requested to be signed up for sick call, nonmedical prison officials refused to assist him, or nurses refused to see him. Nonetheless, the records disclose that Plaintiff was seen by healthcare staff on 23 occasions for various medical and dental issues between his arrival at Western and the filing of this lawsuit. Plaintiff does not dispute that he was seen by healthcare staff on these occasions, only that healthcare staff failed to acknowledge and document his persistent complaints of wrist and back pain. Even if Plaintiff's assertions are true, which the Court assumes at this stage in the proceedings, Plaintiff's claims fail against Defendant Bradbury and Defendant Baker.

Defendant Bradbury examined Plaintiff for complaints of wrist pain on November 4, 2011. Plaintiff told Defendant Bradbury that

he had suffered a wrist injury approximately one year prior while incarcerated at Menard.  Defendant Bradbury reviewed Plaintiff's medical records and did not find any indication of a prior wrist injury.  This is consistent with Plaintiff's version of the facts that prison officials failed to document his wrist injury and complaints of pain.  Nonetheless, Defendant Bradbury did not have any verifiable information regarding Plaintiff's alleged wrist injury or any indication of the September 2011 examination by Defendant Still (discussed below).  In addition, Defendant Bradbury noted that Plaintiff appeared to be able to move his wrists and Plaintiff refused treatment.  Accordingly, the Court finds that no reasonable juror could conclude that Defendant Bradbury was deliberately indifferent.

  Defendant Baker examined Plaintiff on three occasions.  Plaintiff asserts that he informed Defendant Baker of his wrist and back pain on several occasions, including during these examinations.  The medical records reflect a complaint of back pain during the August 2011 examination, but otherwise do not confirm Plaintiff's complaints of pain.

Because Defendant Baker is a medical professional, his treatment decisions are a matter of professional discretion with which the courts will not interfere unless the evidence suggests that "'no minimally competent professional would have so responded under those circumstances.'" Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998)).  In other words, a medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting same).

Plaintiff argues that Defendant Baker's refusal to provide him with an x-ray, and later alleged refusal to provide stronger pain medication, constitute deliberate indifference.  At the times Defendant Baker examined Plaintiff, there was no indication in the medical records that Plaintiff had ever complained about wrist pain, nor was there an indication of a prior wrist injury.  Defendant Baker prescribed Plaintiff Tylenol during the first examination for Plaintiff's other complaints.  During the second examination, there

were no other complaints of wrist or back pain other than Plaintiff's previous request for a low bunk permit noted in the records. Finally, during the October 2011 examination (the last before Plaintiff filed suit), the medical records disclosed that Plaintiff had been seen by nurses in healthcare on 10 separate occasions since the previous examination without indication that Plaintiff complained of wrist and back pain.  Even if Plaintiff had complained of wrist and back pain each time Defendant Baker examined him, the Court cannot say that Defendant Baker's actions in this case were outside the bounds of accepted professional judgment, especially in light of Plaintiff's testimony that the pain was intermittent.  See Pl.'s Dep. 17:2-5 (The wrist pain is "kind of off and on."); Pyles v. Fahim, 771 F.3d 403, 411 (7th Cir. 2014) ("[T]he decision to forego diagnostic tests 'is a classic example of a matter for medical judgment.'" (quoting Estelle, 429 U.S. at 107)); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability).

    Moreover, with regard to the low bunk permit issued to Plaintiff at Menard, Defendant Baker was "free to make his own,

independent medical determination as to the necessity of certain treatments or medications," and deference to a prior doctor's diagnosis is not required to satisfy the requirements of the Eighth Amendment.  <u>Holloway v. Delaware Cnty. Sheriff</u>, 700 F.3d 1063, 1074 (7th Cir. 2012).  Therefore, the Court finds that no reasonable juror could conclude that Defendant Baker was deliberately indifferent.

Only Defendant Still remains.  The parties dispute the occurrence of an examination on September 12, 2011.  Defendants rely on the medical records, while Plaintiff asserts that nurse visits often occur on an impromptu basis and are not otherwise documented.  Plaintiff provides several affidavits in support of this contention.  The Court accepts Plaintiff's assertions as true.  Even so, Plaintiff's claims against Defendant Still fail for the reasons previously stated.  At the time Defendant Still examined Plaintiff, Plaintiff had been prescribed pain medication and the medical records did not disclose a previous wrist injury at Menard.  Plaintiff's claims that this examination occurred negates any claim that Defendant Still refused his requests for sick call.  Under Plaintiff's version of the facts, Defendant Baker would have already

examined Plaintiff for wrist pain at the time of Defendant Still's examination. Nurses must "defer to treating physicians' instructions and orders in most situations . . . [unless] it is apparent that the physician's order will likely harm the patient." Berry v. Peterman, 604 F.3d 435, 443 (7th Cir. 2010). Plaintiff has not provided any evidence that Defendant Baker's treatment decision was likely to cause harm to Plaintiff. Therefore, the Court finds that no reasonable juror could conclude that Defendant Still was deliberately indifferent.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [75] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See FED. R. APP. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker**

**v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     March 9, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
